JUDGE KEENAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NEW YUEN FAT GARMENTS FACTORY LIMITED,          **COMPLAINT**

        Plaintiff,          CASE NO.

    -against-          **07 CIV 8304**

AUGUST SILK, INC., and DIRECT APPAREL          ECF CASE
SOURCING, INC.,

        Defendants.

-------------------------------------------------------------------X

RECEIVED
SEP 2 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, NEW YUEN FAT GARMENTS FACTORY LIMITED, by and through its

undersigned counsel, alleges as follows:

**PARTIES**

1.    NEW YUEN FAT GARMENTS FACTORY LIMITED (herein after referred to

as "Plaintiff" or "New Yuen") is a company organized under the Laws of Hong Kong, and is

authorized to do business in the State of New York.

2.    Upon information and belief, at all times hereinafter mentioned, Defendant

AUGUST SILK ("August") is a foreign corporation existing by virtue of the laws of the state of

Delaware and authorized to do business in the State of New York.

3.    Upon information and belief, at all times hereinafter mentioned, Defendant

DIRECT APPAREL SOURCING, INC. ("Direct") is a foreign corporation authorized to do

business in the State of New York.

## JURISDICTION AND VENUE

4.    This is a civil action for breach of contract under the laws of the State of New York.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

6.    Jurisdiction is proper in the United States District Court for the Southern District of New York because defendants conduct business in this forum.

7.    Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a) and (c) because Defendants reside and/or do business in this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of contract against Direct)

8.    Plaintiff is a manufacturer of men's, women's and children's sports wear.

9.    Upon information and belief, defendant Direct is a retailer of men, women and children's clothing.

10.    Direct entered into several contracts with New Yuen whereby, New Yuen would manufacture apparel at the direction of Direct in return for payment.

11.    On or about September 1, 2003, Direct contracted with New Yuen for the manufacture of clothing apparel. ("Contract 1" ).

12.    In consideration for manufacturing and delivering apparel for Direct, under Contract 1, New Yuen was to be paid by Direct the sum of $136,842.00.

13.    On or about February 1, 2004, in accordance with the terms of Contract 1, New Yuen manufactured and delivered apparel at the behest of Direct.

14.    Direct's intended recipient of the apparel accepted delivery of the apparel.

15.    New Yuen fulfilled its obligations under Contract 1.

16.    Direct received full payment for the apparel that New Yuen manufactured and shipped.

17.    Direct did not pay any money to New Yuen in connection with Contract 1.

18.    New Yuen has demanded payment from Direct, but has not received payment from Direct in the amount of $136,842.00.

19.    Direct is in breach of Contract 1.

20.    On or about September 1, 2003 New Yuen and Direct entered into an agreement whereby, New Yuen was to manufacture and deliver apparel at the behest of Direct. ("Contract 2").

21.    Direct agreed to pay New Yuen Fat $4,185.00 for the apparel under Contract 2.

22.    On January 13, 2004, in accordance with the terms of Contract 2, New Yuen manufactured and delivered apparel at the behest of Direct.

23.    Direct's intended recipient of the apparel accepted delivery of the apparel.

24.    New Yuen fulfilled its obligations under Contract 2.

25.    Direct was paid in  full by the intended recipient of New Yuen's apparel.

26.    Direct did not pay any money to New Yuen in connection with Contract 2.

27.    New Yuen has demanded payment from Direct, but has not received payment from Direct in the amount of $4,185.00.

28.    Direct is in breach of Contract 2.

29.    On or about September 1, 2003 New Yuen and Direct entered into an agreement whereby, New Yuen was to manufacture and deliver apparel at the behest of Direct. ("Contract 3").

30.    Direct agreed to pay New Yuen Fat $162,978.60 for the apparel under Contract 2.

31.    On January 13, 2004, in accordance with the terms of Contract 3, New Yuen manufactured and delivered apparel at the behest of Direct.

32.    Direct's intended recipient of the apparel accepted delivery of the apparel.

33.    New Yuen fulfilled its obligations under Contract 3.

34.    Direct received full payment by the intended recipient of New Yuen's apparel.

35.    Direct did not pay any money to New Yuen in connection with Contract 3.

36.    New Yuen has demanded payment from Direct, but has not received payment from Direct in the amount of $162,978.60.

37.    Direct is in breach of Contract 3.

38.    On or about September 1, 2003 New Yuen and Direct entered into an agreement whereby, New Yuen was to manufacture and deliver apparel at the behest of Direct. ("Contract 4").

39.    Direct agreed to pay New Yuen Fat $50,706.00 for the apparel under Contract 4.

40.    On January 13, 2004, in accordance with the terms of Contract 4, New Yuen manufactured and delivered apparel at the behest of Direct.

41.    Direct's intended recipient of the apparel accepted delivery of the apparel.

42.    New Yuen fulfilled its obligations under Contract 4.

43.    Direct received full payment by the intended recipient of New Yuen's apparel.

44.    Direct did not pay any money to New Yuen in connection with Contract 4.

45.    New Yuen has demanded payment from Direct, but has not received payment from Direct in the amount of $50,706.00.

46.    Direct is in breach of Contract 4.

4

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust enrichment against Direct)

47.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46" as if more fully set forth herein.

48.    Direct received the benefit of New Yuen's full performance under Contract 1.

49.    Direct received the benefit of Contract 1 to the detriment of New Yuen.

50.    Direct has been unjustly enriched by New Yuen's performance under Contract 1.

51.    Direct received the benefit of New Yuen's full performance under Contract 2.

52.    Direct received the benefit of Contract 2 to the detriment of New Yuen.

53.    Direct has been unjustly enriched by New Yuen's performance under Contract 2.

54.    Direct received the benefit of New Yuen's full performance under Contract 3.

55.    Direct received the benefit of Contract 3 to the detriment of New Yuen.

56.    Direct has been unjustly enriched by New Yuen's performance under Contract 3.

57.    Direct received the benefit of New Yuen's full performance under Contract 4.

58.    Direct received the benefit of Contract 4 to the detriment of New Yuen.

59.    Direct has been unjustly enriched by New Yuen's performance under Contract 4.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of contract against August)

60.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "59" as if more fully set forth herein.

61.    August entered into several contracts with New Yuen whereby, New Yuen would manufacture apparel and ship to August.

62.    On or about September 1, 2003 August contracted with New Yuen for the manufacture  and shipment of clothing apparel to August ....... ("Contract 1" ).

5

63.     In consideration for manufacturing and delivering apparel to August, under Contract 1, New Yuen was to be paid the sum of $136,842.00, that payment being provided for by August.

64.     On or about February 1, 2004, in accordance with the terms of Contract 1, New Yuen manufactured and delivered apparel to August.

65.     August accepted delivery of the apparel.

66.     New Yuen fulfilled its obligations under Contract 1.

67.     New Yuen did not receive payment in connection with Contract 1.

68.     New Yuen has demanded payment from August, but has not received payment from August in the amount of $136,842.00.

69.     August is in breach of Contract 1.

70.     On or about September 1, 2003 New Yuen and August entered into an agreement whereby, New Yuen was to manufacture and ship apparel to August. ("Contract 2").

71.     In consideration for manufacturing and delivering apparel to August, under Contract 2, New Yuen was to be paid the sum of $4,1850.00, that payment being provided for by August.

72.     On January 13, 2004, in accordance with the terms of Contract 2, New Yuen manufactured and delivered apparel to August.

73.     August accepted delivery of the apparel.

74.     New Yuen fulfilled its obligations under Contract 2.

75.     August did not pay any money to New Yuen in connection with Contract 2.

76.     New Yuen did not receive payment in connection with Contract 2.

6

77. New Yuen has demanded payment from August, but has not received payment from August in the amount of $4,185.00.

78. August is in breach of Contract 2.

79. On or about September 1, 2003 New Yuen and August entered into an agreement whereby, New Yuen was to manufacture and deliver to August apparel. ("Contract 3").

80. In consideration for manufacturing and delivering apparel to August, under Contract 3, New Yuen was to be paid the sum of $162,981.60, that payment being provided for by August.

81. On January 13, 2004, in accordance with the terms of Contract 3, New Yuen manufactured and delivered apparel to August.

82. August accepted delivery of the apparel.

83. New Yuen fulfilled its obligations under Contract 3.

84. New Yuen did not receive payment in connection with Contract 3.

85. August did not pay any money to New Yuen in connection with Contract 3.

86. New Yuen has demanded payment from August, but has not received payment from August in the amount of $162,978.60.

87. August is in breach of Contract 3.

88. On or about September 1, 2003 New Yuen and August entered into an agreement whereby, New Yuen was to manufacture and deliver to August apparel. ("Contract 4").

89. In consideration for manufacturing and delivering apparel to August, under Contract 4, New Yuen was to be paid the sum of $50,706.00, that payment being provided for by August.

90.    On January 13, 2004, in accordance with the terms of Contract 4, New Yuen manufactured and delivered apparel to August.

91.    August accepted delivery of the apparel.

92.    New Yuen fulfilled its obligations under Contract 4.

93.    New Yuen did not receive payment in connection with Contract 4

94.    August did not pay any money to New Yuen in connection with Contract 4.

95.    New Yuen has demanded payment from August, but has not received payment from August in the amount of $50,706.00.

96.    August is in breach of Contract 4.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Unjust enrichment against August)**

97.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "96" as if more fully set forth herein.

98.    August received the benefit of New Yuen's full performance under Contract 1.

99.    August received the benefit of Contract 1 to the detriment of New Yuen.

100.    August has been unjustly enriched by New Yuen's performance under Contract 1.

101.    August received the benefit of New Yuen's full performance under Contract 2.

102.    August received the benefit of Contract 2 to the detriment of New Yuen.

103.    August has been unjustly enriched by New Yuen's performance under Contract 2.

104.    August received the benefit of New Yuen's full performance under Contract 3.

105.    August received the benefit of Contract 3 to the detriment of New Yuen.

106.    August has been unjustly enriched by New Yuen's performance under Contract 3.

107.    August received the benefit of New Yuen's full performance under Contract 4.

108.    August received the benefit of Contract 4 to the detriment of New Yuen.

109.   August has been unjustly enriched by New Yuen's performance under Contract 4.

## AS AND FOR FIFTH CAUSE OF ACTION
### (August contracted with New Yuen by its Agent Direct)

110.   Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "109" as if more fully set forth herein.

111.   Direct acted as an agent of August's, whereby Direct contracted with New Yuen for the manufacture and shipment of apparel to August.

112.   Direct was August's agent when Direct entered into Contract 1 with New Yuen for the manufacture and shipment of apparel to August.

113.   Direct was August's agent when Direct entered into Contract 2 with New Yuen for the manufacture and shipment of apparel to August.

114.   Direct was August's agent when Direct entered into Contract 3 with New Yuen for the manufacture and shipment of apparel August.

115.   Direct was August's agent when Direct entered into Contract 4 with New Yuen for the manufacture and shipment of apparel to August.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (New Yuen was the intended third-party beneficiary of August's contract with Direct)

116.   Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "115" as if more fully set forth herein

117.   August and Direct entered into Contract 1, which was valid and binding between the parties.

118.   Under Contract 1, Direct procured and had apparel shipped to August, and August was to pay Direct for same.

9

119.   Contract 1 was intended to benefit New Yuen, which was to be paid for the manufactured and shipment of the apparel under Contract 1.

120.   New Yuen was to be paid immediately upon Direct's performance under Contract 1.

121.   Direct and August performed their obligations under contract 1.

122.   New Yuen did not receive any benefit under Contract 1

123.   August and Direct entered into Contract 2, which was valid and binding between the parties.

124.   Under Contract 2, Direct procured and had apparel shipped to August, and August was to pay Direct for same.

125.   Contract 2 was intended to benefit New Yuen, which was to be paid for the manufactured and shipment of the apparel under Contract 2.

126.   New Yuen was to be paid immediately upon Direct's performance under Contract 2.

127.   Direct and August performed their obligations under contract 2.

128.   New Yuen did not receive any benefit under Contract 2.

129.   August and Direct entered into Contract 3, which was valid and binding between the parties.

130.   Under Contract 3, Direct procured and had apparel shipped to August, and August was to pay Direct for same.

131.   Contract 3 was intended to benefit New Yuen, which was to be paid for the manufactured and shipment of the apparel under Contract 3.

132.    New Yuen was to be paid immediately upon Direct's performance under Contract 3.

133.    Direct and August performed their obligations under contract 3.

134.    New Yuen did not receive any benefit under Contract 3.

135.    August and Direct entered into Contract 4, which was valid and binding between the parties.

136.    Under Contract 4, Direct procured and had apparel shipped to August, and August was to pay Direct for same.

137.    Contract 4 was intended to benefit New Yuen, which was to be paid for the manufactured and shipment of the apparel under Contract 4.

138.    New Yuen was to be paid immediately upon Direct's performance under Contract 4.

139.    Direct and August performed their obligations under contract 4.

140.    New Yuen did not receive any benefit under Contract 4.

### Prayer for Relief

**WHEREFORE**, plaintiff New Yuen Fat Garments Limited, demands judgment against defendants August Silk, Inc, and Direct Apparel Sourcing, Inc. on its first, second, third, fourth, fifth and sixth causes of action the sum of $354,711.60, plus interest, costs, and attorney's fees and such other further relief as the Court deems just and proper.

11

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) Plaintiff New Yuen Fat Garments Factory Limited

hereby demands a trial of this dispute by jury.

Dated:        New York, New York
              September 22, 2007

                                        Respectfully submitted,


                                        By:_____
                                            Peter E. Sverd, Esq (6754)
                                        Yuen Roccanova Seltzer & Sverd LLP
                                            Co-counsel for plaintiff
                                            132 Nassau Street, Suite 1300
                                            NewYork, New York 10038
                                            (212) 608-1178

                                            -and-

                                            Yuen & Yeun Esq.s
                                            132 Nassau Street, Suite 1300
                                            New York, New York 10038