Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHER DISTRICT OF NEW YORK

---------------------------------------------------------------X
NEW YUEN FAT GARMENTS FACTORY LIMITED.,

                            Plaintiffs,

      -against-

AUGUST SILK, INC., and DIRECT APPAREL
SOURCING, INC.,

                           Defendants.
---------------------------------------------------------------X

CASE NO.: 07 CIV 8304
(JFK) (FM)

**SUBPOENA IN A CIVIL CASE**

TO:   MICHAEL FASS
        485 SEVENTH AVENUE, SUITE 407
        NEW YORK, NY 10018

[X] YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case, at the offices of Yuen Roccanova Seltzer & Sverd LLP, counsel for plaintiffs in the above-captioned action, located at 132 Nassau Street, New York, NY 10038, on Thursday, April 10, 2008 at 10:00 a.m., and each successive day thereafter until said depositions are complete:

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place date, and time specified below

    1.    Duplicate original copies of any and all photographs, films or videotapes which depict or purport to depict the garments that were manufactured, delivered, or designed by New Yuen Fat Garments Limited ("NYF") and/or Nikita Inc. ("Nikita") at the direction, behest, or request of Direct Apparel Sourcing, Inc., for the purpose of fulfilling orders, samples, and/or inspection by August Silk Inc. ("August") from between 2002 to the present.

    2.    Any all written communications between Direct and Nikita, and/ or Direct and NYF pertaining to the ordering, manufacture, preparation, shipment, receipt, distribution, of apparel from the time period of 2002 through to the present.

1

3. Any all written communications between Direct and August pertaining to the ordering, manufacture, preparation, shipment, receipt, distribution, of apparel from the time period of 2002 through to the present, that was manufactured, prepared, shipped, or otherwise delivered by NYF and/or Nikita.

4. Copies of any and all checks, wire transfers, cash receipts, or other consideration received by Direct, from the time period of 2002 through to the present, that were generated, paid or transacted as the result of the manufacture, preparation, shipment, or delivery of apparel /garments/ samples by NYF and/or Nikita to August and/ or Direct.

6. Copies of any and all checks, wire transfers, cash receipts, or other consideration paid by Direct to NYF and/or Nikita from whatever time period, that were paid in connection with the apparel manufactured, prepared, shipped and/or delivered by Nikita and/or NYF to August/ and or Direct.

7. Copies of any and all checks, wire transfers, cash receipts, or other consideration sent or delivered by Direct to August, from the time period of 2002 through to the present that were generated, paid or transacted as the result of the manufacture, preparation, shipment, or delivery of apparel /garments/ samples by NYF and/or Nikita to August and/ or Direct.

8. Copies of notes, memoranda, papers or correspondence pertaining to the scheduling, or the sum and substance of meetings, interviews, phone conferences, phone conversations, between either Direct, August, Nikita, NYF that touch and concern the sum and substance of the manufacture, preparation, shipment, or delivery of apparel /garments/ samples by NYF and/or Nikita to August and/ or Direct.

    Failure to comply with this subpoena is deemed as a contempt of court and you shall be liable for all damages sustained to the party aggrieved thereby and to forfeit $50.00 in addition thereto.

Dated:    New York, New York
           March 20, 2008

                        YUEN ROCCANOVA SELTZER & SVERD LLP

                        By: _____
                            Peter E. Sverd (6754)
                        Counsel for Plaintiff
                        132 Nassau Street, Suite 1300
                        New York, New York 10038
                        (212) 608-11783

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YUEN FAT GARMENTS FACTORY LIMITED,

                                 Plaintiff,

    - against -

AUGUST SILK, INC., and DIRECT APPAREL SOURCING, INC.,

                                 Defendants.

CASE NO.: 07 CIV 8304 (JFK)(FM)

ECF CASE

---

## SUBPOENA IN A CIVIL CASE

---

Attorneys for Plaintiff
YUEN ROCCANOVA SELTZER & SVERD LLP
132 Nassau Street, Suite 1300
New York, NY 10038
(212) 608-1178

---

To:

Signature (Rule 130-1.1-a)

_____
Peter E. Sverd, Esq.

Service of a copy of the within
is hereby admitted.

Dated:_____, ____

PLEASE TAKE NOTICE:

( ) <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on      20__

( ) <u>NOTICE OF SETTLEMENT</u>
that an order                             of which the within is a true copy
will be presented for settlement to           one of the judges of the
within named Court, at
on          20__     at       AM.

Dated:                             Yours, etc.

YUEN ROCCANOVA SELTZER & SVERD LLP