UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NEW YUEN FAT GARMENTS FACTORY LIMITED,    Case No.: 07 CIV 8304

                    Plaintiff,    **RESPONSE TO DIRECT**
                                          **APPAREL SOURCING, INC.'S**
         -against-    **COUNTERCLAIMS AND**
                                          **AFFIRMATIVE DEFENSES**

AUGUST SILK, INC., and DIRECT APPAREL
SOURCING, INC.,

                    Defendants.
-----------------------------------------------------------------X

      Plaintiff NEW YUEN FAT GARMENTS LIMITED, by and through its

undersigned attorneys, as and for its Response to, defendant DIRECT APPAREL

SOURCING, INC.'s Counterclaims, alleges and pleads affirmative defenses to same as

follows:

### AS AND FOR PLAINTIFF'S RESPONSE TO DIRECT APPAREL SOURCING, INC.'S STATEMENT OF FACTS

      1.     Plaintiff denies knowledge and information sufficient upon which to form

a belief as to the allegations contained in paragraph "151" of DIRECT APPAREL

SOURCING, INC.'S ("Direct") Statement of Facts.

      2.     Plaintiff admits the allegations contained in paragraph "152" of Direct's

Statement of Facts.

      3.     Plaintiff admits the allegations contained in paragraph "153" of Direct's

Statement of Facts.

      4.     Plaintiff admits the allegations contained in paragraph "154" of Direct's

Statement of Facts, except that plaintiff was also engaged as a shipper and distributor of

Apparel at all relevant times in this proceeding.

5.     Plaintiff denies the allegations contained in paragraph "155" of Direct's Statement of Facts, but admits that the plaintiff and direct and co-defendant did enter into several agreements, both written and unwritten, whereby the plaintiff would manufacture and ship apparel to co-defendant, August Silk, Inc. for payment.

6.     Plaintiff admits the allegations contained in paragraph "156" of Direct's Statement of Facts, but denies that that plaintiff received substantial from Direct, and upon information and belief, the monies paid to the defendant were in the form of letters of credit and/or cash or check.

## AS AND FOR PLAINTIFF'S RESPONSE TO DIRECT APPAREL SOURCING,INC.'S  FIRST COUNTERCLAIM

7.     Plaintiff denies knowledge and information sufficient upon which to form a belief as to the allegations contained in paragraph "157" of DIRECT APPAREL SOURCING, INC.'S ("Direct") First Counterclaim.

8.     Denies knowledge and information sufficient to form a basis as to the operation of the defendant's mind, and the allegations contained in paragraph "158" of Direct's First Counterclaim.

9.     Denies the allegations contained in paragraph "159" of Direct's First Counterclaim, and refers questions of law to the Court for determination.

10.     Plaintiff denies the allegations contained in paragraph "160" of Direct's First Counterclaim, but admits that plaintiff did receive payment from the defendants for other contracts that the parties had entered.

11.     Plaintiff denies each and every allegations contained in paragraph "161" of Direct's First Counterclaim.

12.    Plaintiff denies knowledge and information sufficient upon which to form a belief as to the allegations contained in paragraph "162" of Direct's First Counterclaim.

13.    Denies the allegations contained in paragraph "163" of Direct's First Counterclaim.

14.    Denies the allegations contained in paragraph "164" of Direct's First Counterclaim.

15.    Denies the allegations contained in paragraph "165" of Direct's First Counterclaim.

16.    Denies the allegations contained in paragraph "166" of Direct's First Counterclaim.

## AS AND FOR PLAINTIFF'S RESPONSE TO DIRECT APPAREL SOURCING, INC.'S SECOND COUNTERCLAIM

17.    Plaintiff repeats and realleges each and every prior allegation in paragraphs "1" through "10" hereof as if set forth at length herein, as is alleged in paragraph "167" of Direct's Counterclaim.

18.    Denies the allegations contained in paragraph "168" of Direct's Second Counterclaim.

19.    Denies the allegations contained in paragraph "169" of Direct's Second Counterclaim.

## AS AND FOR PLAINTIFF'S FIRST AFFIRMATIVE DEFENSE TO AUGUST SILK INC.'S COUNTERCLAIMS

1.    Defendant DIRECT APPAREL SOURCING, INC.'S ("August") counterclaims are barred by the doctrine of waiver.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

2.      Direct's counterclaims are barred by the doctrine of estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

3.      Direct's counterclaims are barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

4.      Direct's counterclaims are barred by accord and satisfaction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

5.      Direct's counterclaims are barred by the statute of frauds.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

6.      Direct's counterclaims fail to state a claim upon which relief can be

granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

7.      Direct's counterclaims are barred by documentary evidence.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

8.      Direct's counterclaims are barred by statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE TO DIRECT'S COUNTERCLAIMS

9.      Direct's counterclaims are barred by unclean hands.

**WHEREFORE PLAINTIFF NEW YUEN FAT GARMENTS LIMITED,**

respectfully requests that judgment be entered dismissing defendant DIRECT APPAREL

SOURCING, INC.'S counterclaims, and granting such further relief that this Court deems

just and proper.

> Dated: New York, New York
> May 2, 2008

> Yuen Roccanova Seltzer & Sverd LLP

> By: _____
>
>    Peter E. Sverd (6734)
> Attorneys for plaintiff New Yuen Fat
> Garments Limited
> 132 Nassau Street, Suite 1300
> New York, New York 10038
> (212) 608-1178

To: Lazarus & Lazarus, P.C.
    Attn: Harlan M. Lazarus
    240 Madison Avenue, 8th Floor
    New York, New York 10016
    (212) 889-7400

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NEW YUEN FAT GARMENTS FACTORY LIMITED,                 Case No.: 07 CIV 8304

                        Plaintiff,                     **Affidavit of**
                                                       **Service**

            -against-

AUGUST SILK, INC.,  and DIRECT APPAREL
SOURCING, INC.,

                        Defendants.
-------------------------------------------------------------------X


STATE OF NEW YORK:
                            ss:
COUNTY OF NEW YORK:

        I, Kit Ling Huang, being sworn, say:

1.  I am not a party to the action, am over 18 years of age and reside in Kings County, State of
    New York.

2.  On May 2nd , 2008 I served the within Response to Direct Apparel Sourcing, Inc.'s
    Counterclaims and Affirmative Defenses by depositing a true copy thereof enclosed in a
    post-paid wrapper, in an official depository under the exclusive care and custody of the
    U.S. Postal Service within New York State, addressed to the following person(s):

            1)      Lazarus & Lazarus, P.C.
                    Attn: Harlan M. Lazarus
                    240 Madison Avenue, 8th Floor
                    New York, New York 10016


                                                    _____
                                                    Kit Ling Huang

Duly sworn to before me
this ____ day of May 2008.

_____

WINNIE LEE
Notary Public, State of New York
No. 01LE6007469
Qualified in New York County
Certificate Filed in New York County
Commission Expires May 18, 200__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YUEN FAT GARMENTS FACTORY LIMITED,

CASE NO.: 07 CIV 8304

Plaintiff,

- against -                                              ECF CASE

AUGUST SILK, INC., and DIRECT APPAREL
SOURCING, INC.,

Defendants.

## RESPONSE TO DIRECT APPAREL SOURCING, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Attorneys for Plaintiff
YUEN ROCCANOVA SELTZER & SVERD LLP
132 Nassau Street, Suite 1300
New York, NY 10038
(212) 608-1178

To:                                              Service of a copy of the within
                                                 is hereby admitted.

Signature (Rule 130-1.1-a)

                                                 Dated:_____ , ____

Peter V. Sverd, Esq.

PLEASE TAKE NOTICE:
   ( ) <u>NOTICE OF ENTRY</u>
   that the within is a (certified) true copy of a
   duly entered in the office of the clerk of the within named court on                20__

   ( ) <u>NOTICE OF SETTLEMENT</u>
   that an order                                    of which the within is a true copy
   will be presented for settlement to              one of the judges of the
   within named Court, at
   on                20__        at              AM.

   Dated:                                           Yours, etc.

YUEN ROCCANOVA SELTZER & SVERD LLP