UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW YUEN FAT GARMENTS FACTORY,   :
LIMITED,                          :
                                  :
                       Plaintiff, :    Index No.:07 CIV 8304
        - against-                :
                                  :
AUGUST SILK INC. AND DIRECT APPAREL :
SOURCING, INC.                    :
                                  :
                       Defendants.:
------------------------------------------------------------X

## DEFENDANT, DIRECT APPAREL SOURCING, INC.'S INITIAL DISCLOSURE PURSUANT TO RULE 26(a)(1)

Defendant, Direct Apparel Sourcing, Inc. (the "Defendant" or "Direct"), by and through counsel, provides these initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure to Plaintiff, New Yuen Fat Garments Factory Limited (the "Plaintiff"), and hereby reserves the right to supplement these responses prior to this action, as follows:

### I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION RELEVANT TO DISPUTED FACTS

Individual(s) with information regarding the relationship between Defendant and Plaintiff are:

1. **DIRECT APPAREL SOURCING, INC.**

    a. NORMAN FASS, c/o Direct Apparel Sourcing, Ltd., 485 7th Avenue, Suite 407, New York, New York 10018

    b. MICHAEL FASS, c/o Direct Apparel Sourcing, Ltd., 485 7th Avenue,

        Suite 407, New York, New York 10018

  c.    One or more employees and/or representatives of Direct Apparel Sourcing, Inc., of or relating to booking keeping, record keeping, document management and/or the transactions at issue.

2. **AUGUST SILK, INC.**

  a.    BENEDICT CHAN, CEO of August Silk, c/o August Silk, 499 Seventh Avenue, Six South Tower, New York, New York 10018.

  b.    One or more employees and/or representatives of August Silk, of or relating to booking keeping, record keeping, and/or document management.

The above listed individuals, in items 1 and 2, above, can be contacted through Defendant's counsel, Lazarus & Lazarus, P.C., 240 Madison Avenue, 8th Flr., New York, New York 10016, (212) 889-7400.

3. **NEW YUEN FAT GARMENTS FACTORY LIMITED**

4. **THIRD PARTY/ NON-PARTY WITNESS, IF ANY**

  a.    NIKITA, INC. - Karvin Li, c/o New Yuen Fat Garments Factory Limited, Room 1102, Wofoo Commercial Building, 576 Nathan Road, Kowloon, Hong Kong.

b.  One or more employees and/or representatives of Nikita, Inc., of or relating to booking keeping, record keeping, document management and/or the transactions at issue.

The above individuals listed in 1, 2, 3, and 4 above, have knowledge and/or information regarding (a) the sale, delivery and payment for the merchandise subject of the Complaint and/or (b) the relationship, agreement(s), and/or obligations between August Silk, Inc. and Plaintiff and/or Direct and Plaintiff, and/ or Nikita, Inc. and August Silk, Inc. and/or Nikita, Inc. and Direct, in connection with the claims asserted in Plaintiff's Complaint.

Defendant will disclose to Plaintiff any additional persons that it may discover have information relevant to the issues in this lawsuit.

## II. DESCRIPTION BY CATEGORY AND LOCATION OF ALL DOCUMENTS RELEVANT TO DISPUTED FACTS ALLEGED IN THE PLEADING

It is the Defendant's belief that the following are the documents possessed by Defendant which may be relevant to dispute facts alleged in the Complaint and Answer thereto.

1.  Deposition transcript of Karvin Li ("Li") and corresponding Defense Exhibits, from Li's May 8, 2006 deposition, representing the Plaintiff in the Supreme Court Action entitled "NIKITA, INC., as Plaintiff, versus AUGUST SILK, INC. and DIRECT APPAREL SOURCING, INC., & HIGH FASHIONS OF

HONG KONG, INC., as Defendants" Index Number 04-602768 ("Nikita v. August, et al.").

2. Garments from August Silk and Nikita, Inc. produced by the parties during the discovery period in connection with Nikita v. August, et al.

3. The April 28, 2006 Expert Report of Robert J. Beaulieu, of Context Analytical, in connection with Nikita v. August, et al.

4. Invoice records, communications, banking records, purchase orders, sales confirmations, account payable documentation, and/or other relevant documentation in connection with Nikita v. August, et al., from December 23, 2003.

5. Invoices and documents in connection with the Contracts numbered 1 thru 4 in question in the Complaint of Plaintiff.

6. Correspondence and electronic mail, in connection with Nikita v. August, et al., from September 5, 2003.

7. JP Morgan Chase Letters of Credit for August Silk to Beneficiary, Direct Apparel for L/C Nos. A-795335; A-794613 A-794616; and A-794591.

8. Documents produced by the Defendants during the discovery period in connection with Nikita v. August, et al., bates stamped for identification purposes 000001-000959, which include, without limitation, items 4, 5, 6, and

7 above.

9. Documents produced by the Plaintiff during the discovery period in connection with Nikita v. August, et al., bates stamped for identification purposes N00000 - N000235.

10. Such other documents, including electronically stored information recording the transactions subject hereof, as may be in possession of Defendant.

All of the above documents are located at the office of Defendant's counsel, Lazarus & Lazarus, P.C. at 240 Madison Avenue, 8th Floor, New York, New York.  8.    Other customer billing, shipping and payment records.

### III. COMPUTATION OF DAMAGES

Defendant presently seek a damages in an amount as of yet unknown, to be proven at trial, in excess of $5,000,000.00 Defendant will seek an award of costs and attorneys fees as allowed by law and statute.

Defendant, at this time, has no documents responsive to this computation of damages, other than those referred to above. However, Defendant reserves the right to supplement this computation at a later time.

### IV. INSURANCE AGREEMENTS

Defendant is unaware of any insurance which will indemnify or reimburse with respect to this lawsuit.

## V. EXPERT WITNESS

Defendant has retained Robert J. Beaulieu, of Context Analytical to be called upon at trial, if necessary, as an expert witness to present evidence with respect to the claims and defenses in connection with this action.

Defendant reserves the right to supplement the within disclosure as further discovery and information become available prior to the trial of this action.

Respectfully submitted this 21st day of May, 2008.

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants,*

By: _____
HARLAN M. LAZARUS, ESQ. (HML-0268)
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400


TO:   YUEN ROCCANOVA SELTZER & SVERD LLP
      132 Nassau Street, Suite 1300
      New York, New York 10038
      **ATTN: PETER E. SVERD, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW YUEN FAT GARMENTS FACTORY,          :
LIMITED,                                :
                                        :
                    Plaintiff,          :    Index No.:07 CIV 8304
    - against-                          :
                                        :
AUGUST SILK INC. AND DIRECT APPAREL     :
SOURCING, INC.                          :
                                        :
                    Defendants.         :
------------------------------------------------------------X


## DEFENDANT, DIRECT APPAREL SOURCING, INC.'S INITIAL DISCLOSURE PURSUANT TO RULE 26(a)(1)


LAZARUS & LAZARUS, P.C.
*Attorneys for Defendant,*
*DIRECT APPAREL SOURCING, INC.*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400