# YUEN ROCCANOVA SELTZER & SVERD LLP
## Attorneys at Law

132 Nassau Street
Suite 1300
New York, N.Y. 10038
Phone: (212) 608-1178
Facsimile: (212) 608-2913

Po W. Yuen
Veronica Yuen
Joseph T. Roccanova
Steven Seltzer
Peter E. Sverd

**MEMO ENDORSED**

Long Island Office
149 Main Street
Huntington, N.Y. 11743
Phone: (631) 239-5297
Facsimile: (631) 421-4483

E-mail:
psverd@yrsslaw.com

July 3, 2008

**Via Facsimile: 212-805-6724**
Honorable Frank Maas
United States District Court
U.S. Courthouse
500 Pearl Street, Room 20A
New York, New York 1007-1312

Re: *New Yuen Fat Garments Ltd., v. August Silk, Inc.,*
*And Direct Apparel Sourcing, Inc.*
*07 civ 8304 Pre-Motion Conference in Civil Cases*

Dear Honorable U.S.D.C.J., Mass:

As you will recall we represent the plaintiff, New Yuen Fat Garments, Ltd., in the above indexed matter. The plaintiff has commenced this breach of contract action to recover $354,711.60, from the defendants, who failed to pay for garments manufactured, shipped and accepted. Both defendants have appeared in this action.

The plaintiff is producing Mr. Karvin Li for depositions in this action on July 14th and 15th of 2008. Mr. Li, is traveling from Honduras and has gone through great strain and disruption of his ongoing business to travel to New York for a few days. Mr. Li's itinerary is as follows: Mr. Li arrives on Saturday night, July 12th. Mr. Li will produce himself to be deposed on the 14th and 15th and will be leaving for Honduras on July 15th.

On June 10, 2008, the undersigned corresponded to Mr. Lazarus, (opposing counsel) giving notice that Mr. Li was making arrangements to visit the United States to be deposed in July. The undersigned did not receive any written notice of any firm dates that Mr. Lazarus would not be available to depose Mr. Li, save the correspondence that was received today, July 3, 2008.

---

**Handwritten memo endorsement:**

This letter suggests that a firm date for Mr. Li's deposition was not provided until July 1. Surely, Mr. Sverd could not have believed as of June 10 that Mr. Lazarus was setting aside the entire month of July. Counsel need to work this out between themselves. If I get involved, the disposition may not be to the liking of either side for the moment. The relief requested is DENIED.

Maas, USMJ, 7/3/08

---

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 7/7/08

*July 3, 2008*
*Honorable Frank Maas, U.S.D.C.J.*
*Page 2 of 2*

     The undersigned corresponded with Mr. Lazarus on July 1, 2008, at 2:55 pm. to let Mr. Lazarus know that I would shortly be receiving confirmation from Mr. Li that he had procured an international flight and would be produced for deposition in New York on July 14th and 15th. The undersigned received confirmation that Mr. Li was able to get a flight to the United States.

     On July 3, 2008, at approximately, 3:25 pm, the undersigned received a correspondence from Mr. Lazarus, informing me that Mr. Lazarus has a trial "scheduled" for July 15th, and would therefore be unavailable on the 14th and 15th to depose Mr. Li. Mr. Lazarus, then recommended that Mr. Li be produced on July 17th or July 18th. Mr. Li has already booked his return flight, and has scheduled his professional and personal life around the 14th and 15th. It is your undersigned's belief that the Trial of which Mr. Lazarus has scheduled is a bench trial in state court.

     It is respectfully requested that Your Honor Order that depositions of Mr. Li be conducted on July 14th and/or the 15th subject to the time limitations for depositions, or that depositions of Mr. Li be deemed waived.

Respectfully submitted,

Peter E. Sverd

Cc: Lazarus & Lazarus, P.C., Attorney for defendants